■ GEORGIA LEUNES et al., Respondents, v THOMAS J. LUKAS, Appellant, et al., Defendant. — In an action, *inter alia,* to recover damages for breach of contract, fraud and professional negligence, defendant Lukas appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated October 22, 1981, which, *inter alia,* vacated a prior order dismissing the action as to him and determined that the complaint was timely served on him. Matter remitted to Special Term to hear and report on the question of when the complaint was initially served; appeal held in abeyance in the interim. Special Term shall file its report with all convenient speed. Under the circumstances of this case, it is essential that a hearing be conducted to determine when the complaint was first served on appellant. Lazer, J. P., Gibbons, Thompson and Bracken, JJ., concur.

■ LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent, v JOSEPH FARKAS et al., Appellants. — In an action for a declaratory judgment, defendants Aetna Casualty & Surety Company, Firemen's Fund Insurance Company of Newark, New Jersey, and Jack Davis appeal (1) from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated January 18, 1982, which (a) granted plaintiff's motion for summary judgment, (b) denied their cross motion for summary judgment, and (c) declared that plaintiff was not obligated to defend or indemnify its insureds (Joseph and Gizella Farkas) in a certain underlying action and (2) from so much of a further order of the same court, dated April 2, 1982, as, upon reargument, adhered to the original determination. (An appeal by the defendants Farkas from the order dated Jan. 18, 1982, has apparently been abandoned.) Appeal from the order dated January 18, 1982 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated April 2, 1982 modified by adding thereto, after the provision adhering to the original determination, the following: "except that so much of the prior order as granted plaintiff's motion for summary judgment and made a declaration in plaintiff's favor is vacated and its motion is denied." As so modified, order affirmed insofar as appealed from, without costs or disbursements. There are issues of fact as to whether the actions of the son of the plaintiff's insureds fell within the policy provision excluding coverage for "damage to or destruction of property * * * caused intentionally by any insured". Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.